UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELBERT HAROLD WARNER,

        Petitioner,

CASE NO. 1:13-CV-458

v.

HON. ROBERT J. JONKER

STATE OF MICHIGAN,

        Respondent.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 5) and Petitioner's Objections to Report and Recommendation (docket # 6) and Supplement to Objections (docket # 7). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Petitioner's habeas action is time-barred, is factually sound and legally correct.

In his Objections, Petitioner does not dispute the Magistrate Judge's finding that, absent equitable tolling, his habeas petition is time-barred. Instead, Petitioner asserts that he is entitled to equitable tolling. He claims that equitable tolling is appropriate because (1) his prison library lacked information about Michigan law; (2) he misunderstood the law and mistakenly believed his habeas filing was timely; (3) during the time period in which he would have had to act to satisfy the statute of limitations, he was mentally incapable of doing so. Petitioner is not entitled to equitable tolling on any of these grounds.

Equitable tolling should be applied "sparingly." *See, e.g. Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has established neither.

Courts repeatedly have found that an allegedly inadequate prison library is not the kind of circumstance that justifies equitable tolling. *See, e.g., Hall*, 662 F.3d at 752 (finding that limited library access, even when combined with the petitioner's pro se status and his lack of trial transcripts, was insufficient to support equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 169 (5th

Cir. 2000) (holding that petitioner's "alleged unawareness of AEDPA's requirements . . . due to inadequacies of his prison library" was "clearly insufficient to warrant equitable tolling"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (finding that to invoke equitable tolling, "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Petitioner's objection based on the alleged inadequacy of his prison library fails.

Petitioner's assertion that he is entitled to equitable tolling because he misunderstood the law also fails. A lack of legal knowledge generally does not justify equitable tolling. *See, e.g., Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); *Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007) (noting that "even reasonable mistakes of law are not a basis for equitable tolling") (quotation omitted). Petitioner is not entitled to equitable tolling on the basis of his lack of legal knowledge.

In *Ata v. Scutt*, 662 F.3d 736 (2011), the Sixth Circuit adopted the reasoning of an unpublished Sixth Circuit decision, *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008), holding that "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations. *Ata*, 662 F.3d at 742. For equitable tolling based on mental incompetence to apply, a petitioner must show that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Id.* "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* In the context of equitable tolling, an evidentiary hearing on mental competence "need not be provided as a matter of right," but "is

required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file." *Id.*

Petitioner has not established that he was mentally incapable of pursuing his legal rights during the limitations period. Petitioner has submitted no medical records or other documents to support his claim of mental incompetence, and no evidence that mental incompetence actually caused his failure to comply with AEDPA's statute of limitations. No evidentiary hearing on mental competence is required in Petitioner's case. It is undisputed that Petitioner's habeas petition was due no later than June 19, 2010 and that he did not file the petition until April 13, 2013. According to Petitioner, the mental condition that allegedly prevented him from pursuing his legal rights began to abate in March of 2009. (Supplement to Obj., docket # 7, at 8.) Petitioner states that with regular medication, in approximately June of 2009, "his mind began to clear." (*Id.*) Petitioner notes that he "was not 'cured' overnight." (*Id.* at 8.) He "began to develop the desire to fight his conviction around August 2009," but "he did not actually develop a sufficient ability to do so until approximately April of 2010." (*Id.*) The record belies Petitioner's assertion that he was unable to pursue legal rights until April of 2010. Petitioner himself acknowledges that he sought appointment of legal counsel in July 2009 and that counsel was appointed for him on August 26, 2009. (Obj., docket # 6, at 6 and Ex.A.) This undermines any claim Petitioner makes that he was mentally incompetent to pursue legal rights after July of 2009, when he pursued a right to counsel. *See Price v. Lewis*, 119 F. App'x 725, 726-27 (6th Cir. 2005) (explaining that mental illness tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period). But even if the statute of limitations were tolled until April of 2010, the time Petitioner himself says he became mentally competent to pursue legal rights, Petitioner's

4

habeas filing would have been due in April 2011. His April 2013 habeas filing would still fall well outside AEDPA's one-year statute of limitations.[1] Petitioner's objection based on mental incompetence fails.

Petitioner reiterates his claim that he is actually innocent and argues that he is entitled to an exception to the statute of limitations based on actual innocence. For such an exception to apply, a habeas petitioner must satisfy the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), which requires that the petitioner "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup*, 513 U.S. at 329). Petitioner has presented no new evidence of his innocence. He claims that most of the allegedly exculpatory evidence available before his conviction has since been destroyed, and that "the only remaining evidence would be witness testimony, and placing the alleged victim on the stand, examining him, and catching him lying." (Obj., docket # 6, at 3.) The evidence Petitioner describes does not satisfy the demanding *Schlup* standard and does not justify an exception to the statute of limitations in his case.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of

---

[1] That Petitioner by his own account waited from April 2010 until April 2013 to seek habeas relief also reflects a failure to pursue his rights diligently, another reason to reject his request for equitable tolling. *Holland*, 560 U.S. at 649.

Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge correctly concluded that Petitioner's habeas corpus petition is barred by the one-year statute of limitations, and Petitioner is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 5) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DENIED** because it is barred by the one-year statute of limitations; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated:     February 28, 2014            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE